DREIER LLP
Ira S. Sacks
Melanie J. Sacks
499 Park Avenue
New York, NY 10022
(212) 328-6100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
CJ APPAREL GROUP, LLC                              :
                                                   :
               Plaintiff,                     :
                                                   :   Civ. Act. No. 07 CV 6413
           v.                                     :
                                                   :
RUSSELL NEWMAN, INC.,                              :   **REPLY TO**
                                                   :   **COUNTERCLAIMS**
               Defendant.                     :
------------------------------------------------------------------------ x

      Plaintiff/Counterclaim-Defendant CJ Apparel Group, LLC (hereinafter, "CJ"), by its attorneys, Dreier LLP, hereby replies to the Counterclaims (the "Counterclaims") of Defendant/Counterclaim-Plaintiff Russell-Newman, Inc. ("Russell-Newman"), on knowledge as to its own acts, and otherwise on information and belief, as follows:

## REPLY

      1.    CJ denies knowledge of information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in paragraph 30 of the Counterclaims.

      2.    CJ denies each and every allegation set forth in paragraph 31 of the Counterclaims, except to admit that CJ and Russell-Newman engaged in negotiations prior to entering into the trademark licensing agreement between the parties dated October 1, 2003 (the "Agreement").

3. CJ denies each and every allegation set forth in paragraph 32 of the Counterclaims.

4. CJ denies each and every allegation set forth in paragraph 33 of the Counterclaims.

5. CJ denies each and every allegation set forth in paragraph 34 of the Counterclaims.

6. CJ denies each and every allegation set forth in paragraph 35 of the Counterclaims.

7. CJ denies each and every allegation set forth in paragraph 36 of the Counterclaims.

8. CJ denies each and every allegation set forth in paragraph 37 of the Counterclaims.

9. CJ denies each and every allegation set forth in paragraph 38 of the Counterclaims.

10. In response to Paragraph 39 of the Counterclaims, CJ repeats and realleges its responses to Paragraphs 30 through 38 of the Counterclaims as if set forth fully herein.

11. CJ denies each and every allegation set forth in paragraph 40 of the Counterclaims.

12. CJ denies each and every allegation set forth in paragraph 41 of the Counterclaims.

13. CJ denies each and every allegation set forth in paragraph 42 of the Counterclaims.

14. CJ denies each and every allegation set forth in paragraph 43 of the Counterclaims.

15. CJ denies each and every allegation set forth in paragraph 44 of the Counterclaims.

16. CJ denies each and every allegation set forth in paragraph 45 of the Counterclaims.

17. CJ denies each and every allegation set forth in paragraph 46 of the Counterclaims.

18. CJ denies each and every allegation set forth in paragraph 47 of the Counterclaims.

19. CJ denies each and every allegation set forth in paragraph 48 of the Counterclaims.

20. CJ denies each and every allegation set forth in paragraph 49 of the Counterclaims.

21. CJ denies each and every allegation set forth in paragraph 50 of the Counterclaims.

22. CJ denies each and every allegation set forth in paragraph 51 of the Counterclaims.

23. In response to Paragraph 52 of the Counterclaims, CJ repeats and realleges its responses to Paragraphs 30 through 51 of the Counterclaims as if set forth fully herein.

24. CJ denies each and every allegation set forth in paragraph 53 of the Counterclaims, and respectfully refers the Court to the Agreement for a full statement of its terms, in context.

25. CJ denies each and every allegation set forth in paragraph 54 of the Counterclaims, and respectfully refers the Court to the Agreement for a full statement of its terms, in context.

26. CJ denies each and every allegation set forth in paragraph 55 of the Counterclaims.

27. CJ denies each and every allegation set forth in paragraph 56 of the Counterclaims.

28. CJ denies each and every allegation set forth in paragraph 57 of the Counterclaims.

29. CJ denies each and every allegation set forth in paragraph 58 of the Counterclaims.

30. CJ denies each and every allegation set forth in paragraph 59 of the Counterclaims, and respectfully refers the Court to the Agreement for all the terms and conditions thereof.

31. CJ denies each and every allegation set forth in paragraph 60 of the Counterclaims.

32. CJ denies each and every allegation set forth in paragraph 61 of the Counterclaims.

33. CJ denies each and every allegation set forth in paragraph 62 of the Counterclaims.

34. CJ denies each and every allegation set forth in paragraph 63 of the Counterclaims.

35. CJ denies each and every allegation set forth in paragraph 64 of the Counterclaims.

36. CJ denies each and every allegation set forth in paragraph 65 of the Counterclaims.

37. No response to paragraph 66 is required.

### FIRST AFFIRMATIVE DEFENSE

38. The counterclaims fail to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

39. The counterclaims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

40. The counterclaims are barred, in whole or in part, by counterclaim-plaintiff's material breach of the Agreement at issue.

### FOURTH AFFIRMATIVE DEFENSE

41. The counterclaims are barred, in whole or in part, because counterclaim-plaintiff's damages were caused by counterclaim-plaintiff's own actions.

### FIFTH AFFIRMATIVE DEFENSE

42. The counterclaims are barred, in whole or in part, because counterclaim-plaintiff failed to mitigate its damages.

WHEREFORE, CJ demands judgment against Defendant/Counterclaim-Plaintiff, as follows:

A. Dismissing the counterclaims;

B. For damages in an amount to be determined at trial, but in any event not

less than $150,000.00, plus interest due at a rate of fifteen percent (15%) per annum;

 C. For an award of the costs, disbursements and attorney's fees) incurred by CJ as a result of enforcing its rights under the License Agreement against Defendant;

 D. For such other relief as this Court deems just and proper.

Dated: New York, New York
   September 12, 2007

                DREIER LLP

            By: /s/ Ira S. Sacks
                Ira S. Sacks
                Melanie J. Sacks
                499 Park Avenue
                New York, NY 10022
                (212) 328-6100
                (212) 328-6101 (facsimile)

                Attorneys for Plaintiff CJ Apparel Group, LLC